# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL PETERSON,<br><br>        Plaintiff,<br><br>vs.<br><br>PASO ROBLES VENTURES LLC; MARSHALL FIELDS, INC.; BRINKER RESTAURANT CORPORATION dba CHILI'S GRILL AND BAR; RICHARD D. GOLDSTEIN as Trustee of the GOLDSTEIN FAMILY TRUST; and DOES 1-10, Inclusive,<br><br>        Defendants. | CASE NO. 2:11-CV-03091 GW(RZx)<br><br>**CONSENT DECREE AND ORDER FOR INJUNCTIVE RELIEF UNDER TITLE III OF THE AMERICANS WITH DISABILITIES ACT** |

[Counsel listed on following page]

JEFF A. HARRISON (SBN 151227)
JORDON METZ (SBN 167355)
BARBOSA, METZ & HARRISON, LLP
139 Richmond Street
El Segundo, CA 90245
Tel: (310) 414-9400
Fax: (310) 414-9200
JHarrison@bmhlegal.com

Attorneys for Plaintiff Russell Peterson

**LightGabler LLP**
Glenn J. Dickinson (State Bar #159753)
Gannon Johnson (State Bar #253263)
760 Paseo Camarillo, Suite 400
Camarillo, California 93010
(805) 248-7208
(805) 248-7209 (fax)
E-Mail:  gdickinson@lightgablerlaw.com

Attorneys for Defendants Paso Robles
Ventures LLC and Richard D. Goldstein as
Trustee of the Goldstein Family Trust

Kelly M. Douglas
kdouglas@PettitKohn.com
**Pettit Kohn Ingrassia & Lutz, PC**
9841 Airport Blvd, Suite 1030
Los Angeles, CA 90045
Tel. (310) 417-1145
Fax (310) 649-5777

Attorneys for Brinker Restaurant Corp. dba
Chili's Grill and Bar

Plaintiff Russell Peterson and defendants Paso Robles Ventures LLC, Brinker Restaurant Corp. dba Chili's Grill and Bar, and Richard D. Goldstein as Trustee of the Goldstein Family Trust ("Defendants"), (collectively "the Parties"), hereby consent to this decree and order to perform the remedial action set forth below with respect to that certain real property located in the City of Paso Robles,

California and identified by the following Assessor Parcel Numbers: 009-841-001; 009-841-019; 009-841-020; 001-841-039; and 009-841-047 through 009-841-055, and more generally known as The Crossings shopping center, at 2001, 2101, 2201 and 2307 Theatre Drive, Paso Robles, CA ("the Center").

1. Defendant Paso Robles Ventures LLC and Richard D. Goldstein as Trustee of the Goldstein Family Trust shall be responsible for completing the following remedial actions to the specific facilities as numbered on the map attached as Exhibit A.

| No. | Description | Action |
|---|---|---|
| 1 | Signs | Signs to be posted as required by law |
| 120 | Slope of sidewalk | To be made compliant with applicable law |
| 121 | Parking spaces | To be made compliant with applicable law |
| 122 | Goods obstructing sidewalk | Store management to be notified |
| 123 | Cracks in parking lot surface | To be patched to make even surface |
| 123 | Parking spaces | To be made compliant with applicable law |
| 124 | Interior ramp | To be made compliant with applicable law |
| 125 | Interior ramp | To be made compliant with applicable law |
| 126 | Interior ramp | To be made compliant with applicable law |
| 127 | Slope of sidewalk | To be made compliant with applicable law |
| 128 | Wheel stops | To be installed as needed to ensure adequate walkway |
| 129 | Wheel stops | To be installed as needed to ensure adequate walkway |
| 130 | Wheel stops | To be installed as needed to ensure adequate walkway |
| 131 | Transition from ramp | Uneven surface to be removed |
| 132 | Slope of sidewalk | To be made compliant with applicable law |
| 132 | Gap | To be patched to make even surface |
| 133 | Interior ramp | To be made compliant with applicable law |
| 201 | Parking spaces | To be made compliant with applicable law |
| 203 | Utility cover | Uneven surface to be removed |
| 204 | Interior ramp | To be made compliant with applicable law |
| 205 | Parking spaces | To be made compliant with applicable law |
| 205 | Wheel stops | To be installed as needed to ensure adequate walkway |
| 206 | Interior ramp | To be made compliant with applicable law |
| 206 | Transition from ramp | To be made compliant with applicable law |
| 207 | Wheel stops | To be installed as needed to ensure adequate walkway |
| 208 | Wheel stops | To be installed as needed to ensure adequate walkway |
| 209 | Interior ramp -- A02 | To be made compliant with applicable law |
| 209 | Transition from ramp | Uneven surface to be removed |
| 210 | Interior ramp -- A02 | To be made compliant with applicable law |
| 210 | Slope of sidewalk -- A06 | To be made compliant with applicable law |

| No. | Description | Action |
|---|---|---|
| 211 | Interior ramp | To be made compliant with applicable law |
| 212 | Parking spaces | To be made compliant with applicable law |
| 213 | Goods obstructing sidewalk | Store management to be notified |
| 217 | Missing signage | Signs to be posted as required by law |
| 218 | Slope of sidewalk | To be made compliant with applicable law |
| 219 | Slope of sidewalk | To be made compliant with applicable law |
| 301 | Slope of sidewalk | To be made compliant with applicable law |
| 302 | Parking spaces | To be made compliant with applicable law |
| 304 | Parking spaces | To be made compliant with applicable law |
| 305 | Utility cover | Uneven surface to be removed |
| 306 | Parking spaces | To be made compliant with applicable law |
| 307 | Wheel stops | To be installed as needed to ensure adequate walkway |
| 308 | Wheel stops | To be installed as needed to ensure adequate walkway |
| 309 | Slope of sidewalk -- A04 | To be made compliant with applicable law |
| 309 | Wheel stops | To be installed as needed to ensure adequate walkway |
| 310 | Interior ramp -- A02 | To be made compliant with applicable law |
| 310 | Transition from ramp -- A07 | Uneven surface to be removed |
| 311 | Interior ramp | To be made compliant with applicable law |
| 312 | Interior ramp | To be made compliant with applicable law |
| 314 | Interior ramp -- A02 | To be made compliant with applicable law |
| 314 | Roadway cross-slope -- A08 | To be made compliant with applicable law |
| 401 | Parking spaces | To be made compliant with applicable law |
| 406 | Slope of roadway crossing | To be made compliant with applicable law |
| 407 | Fence obstructing sidewalk | Fence to be removed |
| 408 | Interior ramp | To be made compliant with applicable law |
| 409 | Slope of roadway crossing | To be made compliant with applicable law |
| 410 | Interior ramp | To be made compliant with applicable law |
| 412 | Handrail | Handrail to extend to sidewalk |

2. Defendants Paso Robles Ventures LLC, Richard D. Goldstein as Trustee of the Goldstein Family Trust and Brinker Corporation will be responsible for completing the following remedial actions to the specific facilities as numbered on the map attached as Exhibit A.

| No. | Description | Action |
|---|---|---|
| 101 | Parking spaces | To be made compliant with applicable law |
| 102 | Slope of ramps | To be made compliant with applicable law |
| 103 | Slope of ramps | To be made compliant with applicable law |
| 104 | Slope of ramps | To be made compliant with applicable law |
| 105 | Slope of sidewalk | To be made compliant with applicable law |
| 106 | Slope and width of ramp | To be made compliant with applicable law |
| 107 | Entrance door | To be made compliant with applicable law |
| 109 | Restroom door | To be made compliant with applicable law |
| 110 | Slope of floor | To be made compliant with applicable law |

| | | |
|---|---|---|
| 111 | Restroom facilities | To be made compliant with applicable law |
| 112 | Restroom facilities | To be made compliant with applicable law |
| 113 | Restroom facilities | To be made compliant with applicable law |

3.     The foregoing remedial actions shall be completed no later than 18 months after the entry of this Consent Decree.

4.     The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. section 1331 for alleged violations of Section 504 of the Rehabilitation Act of 1973 and of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et. seq.  Pursuant to supplemental jurisdiction, attendant and related causes of action, arising from the same facts also brought under California law, including, but not limited to violations of California Government Code §§ 4450 el seq.; California Code of Regulations, Title 24; and California Civil Code §§ 51, 54, and 54. 1. Under the doctrine of supplemental jurisdiction, this Court has jurisdiction over Plaintiff's claims arising under California state law.

5.     This Consent Decree constitutes a final disposition and settlement of all of Plaintiff's claims for injunctive relief in this action. The Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief.  The Parties jointly request that, following entry of this Consent Decree, and subject to the Court's continuing jurisdiction and authority as set forth below, the Court enter final judgment dismissing with prejudice all of Plaintiff's claims for injunctive relief in this action.

6.     The Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree for two years from the date of entry, or ninety days following notice by any Defendant to Plaintiff's counsel that all of the terms of this Consent Decree have been completed, whichever is latest.  The Parties consent to the Court's continuing jurisdiction and authority to conduct any further proceedings in this case to enforce any provisions of the Consent Decree and, in the event of a dispute between the parties as to the remedial action undertaken or proposed to be

undertaken, to determine whether the actual or proposed remedial action is required under this Consent Decree.

7. (a) For the consideration set forth in this Consent Decree, Plaintiff, for himself, his successors, heirs and assigns, children, agents, employees, representatives, affiliates, partners, related entities, officers, directors, shareholders, insurers, and attorneys fully and forever releases, acquits and forever discharges the Defendants, and each and every one of their successors, heirs and assigns, parents, children, agents, employees, representatives, affiliates, partners, related entities, officers, directors, shareholders, insurers, and attorneys of and from all claims, actions, causes of action, in law or in equity, legal or administrative, demands, rights, obligations, liabilities, arising from or related to the injunctive relief sought in this action, whether known or unknown, foreseen or unforeseen, which the undersigned have now or which may hereafter accrue, and which include all claims for injunctive relief which are or which could have been alleged in the Lawsuit or before any public or private agency, except for claims to enforce this Consent Decree.

(b) For the consideration set forth in this Consent Decree, Defendants, for themselves, their successors, heirs and assigns, parents, children, agents, employees, representatives, affiliates, partners, related entities, officers, directors, shareholders, insurers, and attorneys fully and forever release, acquit and forever discharge the Plaintiff, and each and every one of his successors, heirs and assigns, children, agents, employees, representatives, affiliates, partners, related entities, officers, directors, shareholders, insurers, and attorneys of and from all claims, actions, causes of action, in law or in equity, legal or administrative, demands, rights, obligations, liabilities, arising from or related to the injunctive relief sought in this action, whether known or unknown, foreseen or unforeseen, which the undersigned have now or which may hereafter accrue, and which include all claims for injunctive relief which are or which could have been alleged in the

6
CONSENT DECREE AND [PROPOSED] ORDER

Lawsuit or before any public or private agency, except for claims to enforce this Consent Decree.  Notwithstanding anything else in this Consent Decree to the contrary, this release specifically excludes any arguments Defendants may have or positions Defendants may take in any dispute over the Defendants' compliance with the terms of this Consent Decree, or in any proceedings on Plaintiff's claims for damages, attorneys' fees, litigation expenses and costs, which shall be subject to further agreement of the parties or court order.  The previous sentence does not relieve the Defendants of their obligation to perform remedial work at each location specified in this Consent Decree.

        (c)    The foregoing releases are intended as a full and complete release and discharge of any and all claims for injunctive relief that the undersigned may or might have against each other, except for claims to enforce this Consent Decree.

All rights under Section 1542 of the Civil Code of the State of California are hereby expressly waived. The undersigned understands that said Section 1542 of the Civil Code provides as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her, must have materially affected his or her settlement with the debtor."

By signing the Consent Decree, the Parties agree and understand that they (1) intend to and hereby do waive all rights each of them has or may have under California Civil Code Section 1542 and any other statute or common law principle of similar effect and (2) intend to and hereby do waive any and all claims of whatever kind or nature, anticipated or unanticipated, known or unknown, suspected or unsuspected, arising on or before the date of the execution of this Consent Decree, as it relates to Plaintiff's claims for injunctive relief against Defendants.

///

8. The parties bound by this Consent Decree shall notify all successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

9. In the event that either of the parties believes that the other party has not complied with the terms of this Consent Decree and Order, Counsel will inform the party whose compliance is in question to notify the party of the alleged breach, and allow for thirty (30) days to negotiate a resolution. A motion to compel enforcement may be filed in the event that the parties are unable to resolve their alleged breach of the terms of the Consent Decree following the 30-day notice and good faith attempts at resolution.  Plaintiff's right to attorneys' fees in any proceedings to enforce this Consent Decree shall be governed by applicable law.

SO STIPULATED

DATED: November____, 2011      Plaintiff Russell Peterson

DATED: November____, 2011      BARBOSA, METZ & HARRISON, LLP

                               By: _____
                                   Jeff A. Harrison
                                   Attorneys for Plaintiff Russell Peterson

DATED: November____, 2011      Defendant Paso Robles Ventures LLC

                               By: _____
                                   Melinda Ellis Evers, Partner, Ellis Partners,
                                   Inc., General Partner of EPI Investors V, L.P.,
                                   General Partner of CEP Investors V, L.P.,
                                   Managing member of Paso Robles Ventures
                                   LLC

*[Signatures continued on following page]*

DATED: November____, 2011   Defendant Goldstein Family Trust

By: _____
Richard D. Goldstein, Trustee

DATED: November____, 2011   **LightGabler LLP**

By: _____
Glenn J. Dickinson
Gannon Elizabeth Johnson
Attorneys for Defendants
Paso Robles Ventures LLC and Richard D. Goldstein as Trustee of the Goldstein Family Trust

DATED: November____, 2011   Defendant Brinker Restaurant Corp. dba Chili's Grill and Bar

By: _____

Name: _Alisha Danchak_____

Title: __Corporate Counsel_____

DATED: November____, 2011   Pettit Kohn Ingrassia & Lutz, PC

By: _____
Kelly M. Douglas
Attorneys for Brinker Restaurant Corp. dba Chili's Grill and Bar

**IT IS SO ORDERED**

DATED: December 7, 2011   _____
HON. GEORGE H. WU
DISTRICT JUDGE

<05>
<05>
<05>

<05>

<05>

<05>

<05>

<05>

<05>

<05>

<05>

<05>

<05>

<05>

<05>

<05>

<05>

<05>

<05>

<05>

<05>

<05>

<05>

<05>

<05>

<05>

<05>

<05>

<05>

CONSENT DECREE AND [PROPOSED] ORDER